# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JEREMIAH N. KINIKIN,**

    **Plaintiff,**

 v.                                       **Case No. 25-CV-295**

**D ARCHER,**

    **Defendant.**

---

## ORDER

---

On January 16, 2026, the defendant filed a motion for summary judgment on the merits. (ECF No. 15.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on January 20, 2026, *pro se* plaintiff Jeremiah N. Kinikin had until February 17, 2026, to respond to the defendants' motion for summary judgment. (ECF No. 20.) The court cautioned Kinikin that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by the defendant as true and likely grant his motion.

On February 17, 2026, Kinikin moved for an extension of time to respond to the summary judgment motion, (ECF No. 23), which the court granted via text only order giving him until March 17, 2026, (ECF No. 24.) On March 17, 2026, Kinikin filed a second motion for an extension of time to respond to the summary judgment

motion, (ECF No. 25), which the court granted via text only order, giving him until June 17, 2026, (ECF No. 26.)

The June 17, 2026, deadline has passed, and the court has not heard from Kinikin. As such, the court will construe the defendant's motion for summary judgment as unopposed. The court has reviewed the defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary judgment on the merits. Based on the undisputed facts, it is clear that the defendant did not violate Kinikin's Eighth Amendment rights by failing to provide Kinikin with disposable underwear, resulting in Kinikin wearing soiled clothing for several months. Accordingly, the court grants the defendant's motion for summary judgment. The case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its

judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of July, 2026.

STEPHEN DRIES
United States Magistrate Judge

3